IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER HEALTHCARE PHARMACEUTICALS INC.; BAYER PHARMA AKTIENGESELLSCHAFT; and BAYER AKTIENGESELLSCHAFT,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>AUROBINDO PHARMA LTD.; AUROBINDO PHARMA U.S.A., INC.,<br><br>　　　　　　　　Defendants. | Case No. _____ |

**COMPLAINT FOR PATENT INFRINGEMENT AND FOR DECLARATORY JUDGMENT OF PATENT INFRINGEMENT**

Plaintiffs Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma Aktiengesellschaft ("Bayer Pharma AG"), and Bayer Aktiengesellschaft ("Bayer AG") (collectively, "Bayer" or "Plaintiffs"), for their Complaint against Defendants Aurobindo Pharma Limited ("Aurobindo Ltd.") and Aurobindo Pharma U.S.A., Inc. ("Aurobindo USA") (collectively, "Aurobindo" or "Defendants"), hereby allege as follows:

**NATURE OF THE ACTION**

1.　　This is an action for patent infringement and for a declaratory judgment of patent infringement of United States Patent No. RE49,826 (the "RE'826 Patent"). This action arises out of Aurobindo filing or causing to be filed Abbreviated New Drug Application No. 220696 ("Aurobindo's ANDA") with the United States Food and Drug Administration ("FDA") for approval to market a generic version of Bayer's KERENDIA®, (finerenone) drug product. Through Aurobindo's ANDA, Aurobindo seeks approval to market a generic version of the

–1–

pharmaceutical product KERENDIA® before the expiration of the RE'826 Patent. This action also arises out of Aurobindo's current and/or imminent manufacture, use, sale, offer to sell within the United Sates, and/or importation to the United States of Aurobindo's generic version of the pharmaceutical product KERENDIA®. A true and correct copy of the RE'826 Patent is attached as Exhibit A. Plaintiffs seek injunctive relief precluding infringement, attorneys' fees, costs and expenses, and any other relief the Court deems just and proper.

## THE PARTIES

2. Plaintiff Bayer HealthCare Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 100 Bayer Blvd., Whippany, NJ 07981.

3. Plaintiff Bayer Pharma AG is a corporation organized and existing under the laws of Germany and has a principal place of business at Müllerstrasse 178, 13353 Berlin, Germany.

4. Plaintiff Bayer AG is a corporation organized and existing under the laws of Germany and has a principal place of business at Kaiser-Wilhelm-Allee 1, 51368 Leverkusen, Germany. Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG are wholly owned subsidiaries of Bayer AG.

5. Bayer is a pioneering pharmaceutical company that aims to develop therapies and treatments that can help prevent, treat, or potentially cure diseases. Bayer is committed to the discovery and development of new therapies that improve the health of millions of patients around the world. Guided by science and Bayer's commitment to patients, Bayer strives to address the individual needs of patients in order to achieve improved and sustainable health for all. By unlocking previously undruggable targets and applying breakthrough technologies, Bayer is

challenging the limitations of medical treatment. Through this approach, Bayer has become a global leader in treating and preventing cardiovascular disease.

6. On information and belief, Defendant Aurobindo Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Galaxy, Floors: 22-24, Plot No.1, Survey No.83/1, Hyderabad Knowledge City, Raidurg Panmaktha, Rangareddy District, Hyderabad - 500032, Telangana, India.

7. On information and belief, Defendant Aurobindo Ltd., directly or through one or more of its wholly-owned subsidiaries and/or agents, develops, manufactures, markets, distributes, imports, offers for sale, and/or sells generic versions of branded pharmaceutical products throughout the United States, including in Delaware.

8. Aurobindo Ltd.'s Annual Report for the Year 2024-2025 ("Aurobindo Ltd. Annual Report") states that it "sell[s] formulations and APIs across multiple countries . . . includ[ing] the USA and Europe, which are our largest markets," and that it is "one of the leading generic pharma companies globally" and "is also the largest supplier in the USA by prescription volume as per IQVIA data for the year ending March 31, 2025." Aurobindo Ltd. Annual Report at 62, 183. Aurobindo Ltd.'s Annual Report also states that in the reported year it "[f]iled 31 ANDAs with the US FDA, of which 6 are specialty products," "[r]eceived final approval for 31 ANDAs from the US FDA of which 3 are specialty products," and "[l]aunched 33 products in USA, including 7 specialty products." *Id.* at 184, 228. A true and correct copy of Aurobindo Ltd.'s Annual Report is attached as Exhibit B.

9. According to Aurobindo Ltd.'s Annual Report, Aurobindo Pharma USA, Inc. is a "material subsidiary" and as of March 31, 2025, makes up 21.62% of consolidated net assets, second only behind Aurobindo Ltd. *See, e.g.*, *id.* at 290, 479, 481. Aurobindo Ltd.'s Annual Report

also reports ongoing material contracts and arrangements with Aurobindo USA, including the sale of products, reimbursement of expenses received, purchase of property, plant, and equipment, and purchase of samples, as well as capital work and intangible asset development for Aurobindo USA. *See, e.g., id*. at 201, 365, 485-86.

10. On information and belief, Defendant Aurobindo USA is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business in New Jersey at 279 Princeton Hightstown Road, East Windsor, NJ 08520, USA.

11. On information and belief, Aurobindo USA is a wholly-owned subsidiary of Aurobindo Ltd. *See, e.g.*, Ex. B, Aurobindo Ltd. Annual Report at 197, 201, 207, 234, 290, 335, 415.

12. On information and belief, Aurobindo USA develops, manufactures, markets, distributes, imports, offers for sale, and/or sells, generic versions of branded pharmaceutical products throughout the United States, including in Delaware.

13. On information and belief, Aurobindo Ltd. and Aurobindo USA, prepared and submitted Aurobindo's ANDA and the two Aurobindo entities continue to collaborate in seeking FDA approval of that application.

14. On information and belief, Aurobindo Ltd. and Aurobindo USA, intend to commercially manufacture, market, offer for sale, and sell the product described in Aurobindo's ANDA ("Aurobindo's ANDA Product") throughout the United States, including in the State of Delaware, in the event the FDA approves Aurobindo's ANDA.

## JURISDICTION AND VENUE

15. This is a civil action for patent infringement and declaratory judgment of infringement of U.S. Patent No. RE49,826. This action arises under the patent laws of the United

States, 35 U.S.C. §§ 100 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

16. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201-02, and 35 U.S.C. § 271.

17. Venue is proper in this Court as to Aurobindo Ltd. under 28 U.S.C. § 1391(c)(3) because Aurobindo Ltd. is a foreign corporation and may be sued in any judicial district in the United States where Aurobindo Ltd. is subject to the court's personal jurisdiction. For reasons set forth below, Aurobindo Ltd is subject to personal jurisdiction in this district.

18. In addition, this Court has personal jurisdiction over Aurobindo Ltd., and venue is proper as to Aurobindo Ltd., at least because, upon information and belief, Aurobindo Ltd.: (1) directs and/or controls Aurobindo USA, which is incorporated in Delaware; (2) has purposely availed itself of the privilege of doing business in Delaware, directly or indirectly through its subsidiaries, agents, and/or alter egos; (3) maintains pervasive, continuous, and systematic contacts with Delaware, including the marketing, distribution, and/or sale of generic pharmaceutical products in Delaware; (4) derives substantial revenue from the sale of its products in Delaware; and (5) intends to, directly or indirectly through its subsidiaries, agents, and/or alter egos, market, sell, or distribute Aurobindo's ANDA Product for which it seeks approval under Aurobindo's ANDA, including throughout Delaware.

19. This Court has personal jurisdiction over Aurobindo Ltd. for at least the additional reason that it has availed itself of the legal protections of Delaware by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g.*, *SK Biopharmaceuticals Co., Ltd, et al. v. Aurobindo Pharma Limited, et al.*, No. 1:24-cv-00718 (D. Del.); *Amgen Inc., et al. v. Aurobindo Pharma Limited, et al.*, No. 1:22-cv-00227 (D. Del.); *Gilead*

*Sciences, Inc. v. Aurobindo Pharma Ltd., et al.*, No. 1:21-cv-01735 (D. Del.); *Azurity Pharmaceuticals, Inc. v. Aurobindo Pharma Ltd., et al.*, No. 1:21-cv-01707 (D. Del.); *Boehringer Ingelheim Pharmaceuticals Inc., et al. v. Lupin Ltd., et al.*, No. 1:21-cv-01485 (D. Del.); *Novartis Pharmaceuticals Corporation v. Aurobindo Pharma USA Inc., et al.*, No. 1:21-cv-01407 (D. Del.); *Novartis Pharmaceuticals Corporation v. Torrent Pharma Inc., et al.*, No. 1:21-cv-01330 (D. Del.); *Newron Pharmaceuticals S.p.A, et al. v. MSN Laboratories Private Limited, et al.*, No. 1:21-cv-00843 (D. Del.); *Amgen Inc., et al. v. MSN Laboratories Private Limited, et al.*, No. 1:21-cv-00662 (D. Del.).

20. Alternatively, this Court may exercise jurisdiction over Aurobindo Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because (1) Bayer's claims arise under federal law; (2) Aurobindo Ltd. is a foreign defendant not subject to personal jurisdiction in any state's court of general jurisdiction; and (3) Aurobindo Ltd. has sufficient contacts with the United States as a whole, including but not limited to preparing and submitting numerous ANDAs to the FDA and manufacturing, importing, offering to sell, or selling generic pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Aurobindo Ltd. satisfies due process.

21. Venue is proper in this Court as to Aurobindo USA under 28 U.S.C. § 1400(b) at least because Aurobindo USA is incorporated in Delaware. Aurobindo USA will also commit acts of infringement giving rise to the claims against it in Delaware upon approval of Aurobindo's ANDA.

22. In addition, this Court has personal jurisdiction over Aurobindo USA, and venue is proper as to Aurobindo USA because, on information and belief, Aurobindo USA: (1) is a corporation organized and existing under the laws of the State of Delaware; (2) is qualified to do

business in Delaware, and has appointed a registered agent for service of process in Delaware located at 251 Little Falls Drive, Wilmington, Delaware 19808; (3) has customers in Delaware; (4) develops, manufactures, and/or imports generic pharmaceutical versions of branded products for sale and use throughout the United States, including in Delaware; (5) directly or indirectly markets, distributes, and/or sells its generic pharmaceutical products in Delaware; (6) directly or indirectly maintains pervasive, continuous, and systematic contacts with Delaware, including through a network of wholesalers and distributors, for the purposes of marketing, distributing, and/or selling generic pharmaceutical products in Delaware; (7) enjoys substantial income from sales of its generic pharmaceutical products in Delaware; and (8) intends to, directly or indirectly through its subsidiary, agent, and/or alter ego, market, sell, or distribute Aurobindo's ANDA Product in Delaware.

23.     This Court has personal jurisdiction over Aurobindo USA for at least the additional reason that it has availed itself of the legal protections of Delaware by previously consenting to personal jurisdiction and asserting counterclaims in this Judicial District. *See, e.g.*, *SK Biopharmaceuticals Co., Ltd., et al. v. Aurobindo Pharma Limited, et al.*, No. 1:24-cv-00718 (D. Del.); *Taiho Pharmaceutical Co., Ltd., et al. v. Eugia Pharma Specialities, Ltd., et al.*, No. 1:23-cv-01193 (D. Del.); *Taiho Pharmaceutical Co., Ltd., et al. v. Eugia Pharma Specialities, Ltd., et al.*, No. 1:22-cv-01611 (D. Del.); *Amgen Inc., et al. v. Aurobindo Pharma Limited, et al.*, No. 1:22-cv-00227 (D. Del.); *Gilead Sciences, Inc. v. Aurobindo Pharma Ltd., et al.*, No. 1:21-cv-01735 (D. Del.); *Azurity Pharmaceuticals, Inc. v. Aurobindo Pharma Ltd., et al.*, No. 1:21-cv-01707 (D. Del.); *Boehringer Ingelheim Pharmaceuticals Inc., et al. v. Lupin Ltd., et al.*, No. 1:21-cv-01485 (D. Del.); *Novartis Pharmaceuticals Corporation v. Aurobindo Pharma USA Inc., et al.*, No. 1:21-cv-01407 (D. Del.); *Novartis Pharmaceuticals Corporation v. Torrent Pharma Inc., et*

*al.*, No. 1:21-cv-01330 (D. Del.); *Newron Pharmaceuticals S.p.A, et al. v. MSN Laboratories Private Limited, et al.*, No. 1:21-cv-00843 (D. Del.); *Amgen Inc., et al. v. MSN Laboratories Private Limited, et al.*, No. 1:21-cv-00662 (D. Del.).

24. On information and belief, Aurobindo Ltd. and Aurobindo USA are agents of each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States, and will do the same with respect to Aurobindo's ANDA Product.

25. On information and belief, Aurobindo Ltd. and Aurobindo USA are acting in concert with each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States, and will do the same with respect to Aurobindo's ANDA Product.

26. Aurobindo, through its representative, sent Bayer a letter dated August 26, 2025 ("Aurobindo's Paragraph IV Notice Letter") providing notice that Aurobindo's ANDA contains a certification with respect to the RE'826 Patent under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification").

27. The Paragraph IV Certification represents that Aurobindo filed its ANDA seeking approval from the FDA to commercially manufacture, use, market, or sell its generic finerenone tablets, 10 mg and 20 mg, in the United States before the expiration of the RE'826 Patent.

28. Bayer Pharma AG received Aurobindo's Paragraph IV Notice Letter in Germany on August 28, 2025.

29. On information and belief, Aurobindo Ltd. and Aurobindo USA, filed or caused to be filed Aurobindo's ANDA with the FDA. *See* Aurobindo's Paragraph IV Notice Letter at 1-2.

30. On information and belief, Aurobindo Ltd. and Aurobindo USA maintain distribution channels for the commercial supply of generic drugs, including on information and belief Aurobindo's ANDA Product, throughout the United States, including in Delaware.

**BAYER'S APPROVED KERENDIA® AND THE RE'826 PATENT**

31. Bayer HealthCare Pharmaceuticals Inc. holds New Drug Application ("NDA") No. 215341 on KERENDIA®, which the FDA approved on July 9, 2021. The FDA also granted five years of regulatory exclusivity on KERENDIA® for a new chemical entity pursuant to 21 C.F.R. § 314.108, which regulatory exclusivity expires on July 9, 2026. Bayer markets and sells products that are the subject of NDA No. 215341 in the United States under the brand name KERENDIA®.

32. KERENDIA® (finerenone) is a non-steroidal mineralocorticoid receptor antagonist (nsMRA) indicated to reduce the risk of: sustained estimated glomerular filtration rate (eGFR) decline, end stage kidney disease, cardiovascular death, non-fatal myocardial infarction, and hospitalization for heart failure in adult patients with chronic kidney disease (CKD) associated with type 2 diabetes (T2DM); and cardiovascular death, hospitalization for heart failure, and urgent heart failure visits in adult patients with heart failure with left ventricular ejection fraction (LVEF) $\geq 40\%$. A true and correct copy of the prescribing information for KERENDIA® is attached as Exhibit C.

33. The prescribing information for KERENDIA® instructs that each KERENDIA® tablet contains "10 mg, 20 mg, or 40 mg of finerenone" which "is a white to yellow crystalline powder." Exhibit C at Section 11.

34. Pursuant to 21 U.S.C. § 355(b)(1), the RE'826 Patent is listed in the FDA's publication titled Approved Drug Products with Therapeutic Equivalence Evaluations (commonly referred to as the "Orange Book") as covering KERENDIA®.

35. The RE'826 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on February 6, 2024, and is titled "Method for the preparation of (4S)-4-(4-cyano-2-methoxyphenyl)-5-ethoxy-2,8-dimethyl-1,4-dihydro-1-6-naphthyridine-3-carboxamide and the purification thereof for use as an active pharmaceutical ingredient." Ex. A. The RE'826 patent will expire on July 29, 2035.

36. RE'826 Patent is a reissue of U.S. Patent No. 10,336,749 ("'749 Patent"), originally issued on July 2, 2019, with the same title as the RE'826 Patent. The RE'826 Patent comprises claims 14-30; claims 1-13 of the original '749 Patent do not form a part of the RE'826 Patent.

37. Bayer Pharma AG is the assignee of the RE'826 Patent.

38. Bayer AG holds an exclusive license to the RE'826 Patent.

## AUROBINDO'S ANDA AND NOTICE LETTER

39. On information and belief, Aurobindo submitted its ANDA to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Aurobindo's ANDA Product as a purported generic version of KERENDIA® before the expiration of the RE'826 Patent.

40. As noted above, Aurobindo, through its representative, sent Bayer its Paragraph IV Notice Letter dated August 26, 2025 providing notice that Aurobindo's ANDA contains a certification with respect to the RE'826 Patent under the Federal Food, Drug, and Cosmetic Act,

21 U.S.C. § 355(j)(2)(A)(vii)(IV). Bayer Pharma AG received Aurobindo's Paragraph IV Notice Letter in Germany on August 28, 2025.

41. The Paragraph IV Certification represents that Aurobindo filed its ANDA seeking approval from the FDA to commercially manufacture, use, market, or sell its generic finerenone tablets, 10 mg and 20 mg, in the United States before the expiration of the RE'826 Patent.

42. Aurobindo's Paragraph IV Notice Letter purported to contain a "Detailed Factual and Legal Bases for AUROBINDO's Certification That U.S. Patent No. RE49,826 is Invalid and/or Will Not Be Infringed" ("Detailed Statement").

43. Aurobindo's purported Detailed Statement alleged that claims 14-26 of the RE'826 Patent are invalid as anticipated, and that claims 27-30 of the RE'826 Patent will not be infringed by the commercial manufacture, use, or sale of Aurobindo's ANDA Product. Aurobindo's Paragraph IV Notice Letter did not allege that any other claims of the RE'826 Patent are invalid or that any other claims of the RE'826 Patent will not be infringed.

44. Aurobindo's Paragraph IV Notice Letter purported to include a purported Offer of Confidential Access ("OCA") to certain Aurobindo confidential information regarding Aurobindo's ANDA Product. Plaintiffs requested that Aurobindo revise its purported OCA on September 8, 2025. On September 19, 2025, Aurobindo informed Bayer that it would get back to Bayer "asap." Bayer and Aurobindo reached an impasse regarding the terms of an OCA on September 25, 2025.

45. On information and belief, Aurobindo Ltd. and Aurobindo USA participated in the preparation and submission of Aurobindo's ANDA, provided material support to the preparation and submission of Aurobindo's ANDA, and intend to support the further prosecution of Aurobindo's ANDA.

46. On information and belief, if the FDA approves Aurobindo's ANDA, Aurobindo will manufacture, offer for sale, or sell its ANDA Product within the United States, including within Delaware, or will import its ANDA Product into the United States, including Delaware.

47. On information and belief, if the FDA approves Aurobindo's ANDA, Aurobindo will actively induce or contribute to the manufacture, use, offer for sale, or sale of its ANDA Product.

48. Bayer is commencing this action within 45 days of the date of receipt of Aurobindo's Paragraph IV Notice Letter in accordance with the time frame for filing such a suit established by the Hatch-Waxman Act, 21 U.S.C. § 355(j)(5)(B)(iii).

## FIRST CAUSE OF ACTION
## INFRINGEMENT OF THE RE'826 PATENT

49. The allegations of paragraphs 1-48 above are repeated and re-alleged as if set forth fully herein.

50. On information and belief, Aurobindo has submitted or caused the submission of Aurobindo's ANDA to FDA, and continues to seek FDA approval of the Aurobindo ANDA.

51. Aurobindo has infringed the RE'826 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Aurobindo's ANDA with a Paragraph IV certification and seeking FDA approval of Aurobindo's ANDA before the expiration of the RE'826 Patent.

52. Aurobindo Ltd. and Aurobindo USA are jointly and severally liable for direct infringement of the RE'826 Patent under § 271(e)(2)(A) because, on information and belief, Aurobindo Ltd. and Aurobindo USA actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of Aurobindo's ANDA and its accompanying Paragraph IV Certification directed to the RE'826 Patent to the FDA. On

information and belief, Aurobindo's ANDA seeks FDA approval to engage in the commercial manufacture, use or sale of a product claimed in the RE'826 Patent.

53. On information and belief, if Aurobindo's ANDA is approved, Aurobindo and its affiliates will immediately make, sell, offer for sale, or otherwise distribute Aurobindo's ANDA Product in the United States, including in Delaware, thereby directly infringing one or more claims of the RE'826 Patent.

54. Unless enjoined by this Court, upon approval of ANDA No. 220696, Aurobindo will make, use, offer to sell, or sell Aurobindo's ANDA Product within the United States, or will import Aurobindo's ANDA Product into the United States, and will thereby actively contribute to the infringement of and/or induce the infringement of one or more claims of the RE'826 Patent.

55. On information and belief, Aurobindo has acted with full knowledge of the RE'826 Patent and without a reasonable basis for believing that the manufacture, use or sale of its generic product would not infringe and, likewise, lacks any reasonable basis for believing that its generic product is a staple article or commodity of commerce suitable for substantial non-infringing use.

56. Aurobindo's Detailed Statement in Aurobindo's Paragraph IV Notice Letter lacks sufficient basis to show that Aurobindo's ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the RE'826 Patent.

57. Bayer will be irreparably harmed if Aurobindo is not enjoined from infringing, and from actively inducing or contributing to the infringement of the RE'826 Patent. Bayer does not have an adequate remedy at law, and considering the balance of hardships between Bayer and Aurobindo, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

58.     The submission of Aurobindo's ANDA to obtain FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or import into the United States of Aurobindo's ANDA Product before the expiration of the RE'826 Patent also entitles Bayer to fees under 35 U.S.C. § 271(e)(4) and § 285.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE RE'826 PATENT

59.     The allegations of paragraphs 1-58 above are repeated and re-alleged as if set forth fully herein.

60.     Bayer's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

61.     On information and belief, if Aurobindo's ANDA is approved, Aurobindo and its affiliates will immediately make, sell, offer for sale, and/or import Aurobindo's ANDA Product in the United States, including in Delaware, thereby directly infringing one or more claims of the RE'826 Patent under at least 35 U.S.C. §§ 271 (a). Additionally, on information and belief, health care professionals or patients who use Aurobindo's ANDA product will directly infringe one or more claims of the RE'826 Patent under one or more of 35 U.S.C. §§ 271 (a), (f), and (g).

62.     On information and belief, Aurobindo knows and intends that health care professionals or patients will use Aurobindo's ANDA Product in accordance with the labeling sought by Aurobindo's ANDA and Aurobindo will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the RE'826 Patent under one or more of 35 U.S.C. §§ 271 (b) and (c).

63.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Bayer and Aurobindo concerning liability for the infringement of

the RE'826 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

64. Bayer will be irreparably harmed if Aurobindo is not enjoined from infringing, and from actively inducing or contributing to the infringement of the RE'826 Patent. Bayer does not have an adequate remedy at law, and considering the balance of hardships between Bayer and Aurobindo, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

65. This case is exceptional, and Bayer is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Bayer requests that the Court grant the following relief:

A. A judgment that Aurobindo infringes the RE'826 Patent under 35 U.S.C. § 271(e)(2)(A);

B. A declaratory judgment that Aurobindo's manufacture, use, offer for sale, or sale of Aurobindo's ANDA Product in the United States, or importation into the United States, will directly infringe one or more claims of the RE'826 Patent under 35 U.S.C. §§ 271(a), (f), and/or (g);

C. A declaratory judgment that Aurobindo's manufacture, use, offer for sale, or sale of Aurobindo's ANDA Product in the United States, or importation into the United States, will induce and/or contribute to the infringement of one or more claims of the RE'826 Patent under 35 U.S.C. §§ 271 (b) and/or (c);

D. A permanent injunction pursuant to 35 U.S.C. §§ 271(e)(4)(B) and/or 283 restraining and enjoining Aurobindo, its affiliates and subsidiaries, and all persons or entities

acting in concert with Aurobindo from commercially manufacturing, using, offering for sale, selling, or importing any product that infringes the RE'826 Patent by the commercial manufacture, use, provision, offer for sale, or sale within the United States, and/or importation into the United States, including Aurobindo's ANDA Product described in ANDA No. 220696;

  E. An order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any FDA approval of Aurobindo's ANDA No. 220696 be a date that is not earlier than the expiration date of the RE'826 Patent, or any later expiration of any patent term extension or exclusivity for the RE'826 Patent to which Bayer is or becomes entitled;

  F. A declaration under 28 U.S.C. § 2201 that if Aurobindo, its officers, agents, servants, employees, licensees, representatives, and attorneys, and any other persons acting or attempting to act in active concert or participation with Aurobindo or acting on its behalf, engages in the commercial manufacture, use, offer for sale, sale and/or importation of the product described in ANDA No. 220696, it will constitute an act of direct and/or indirect infringement of the RE'826 Patent;

  G. An award of damages or other relief pursuant to 35 U.S.C. § 271(e)(4)(C) to the extent Aurobindo commercially manufactures, uses, provides, offers to sell, or sells within the United States, or imports into the United States any product that infringes or induces or contributes to the infringement of the RE'826 Patent within the United States before the expiration of the RE'826 Patent, including any later expiration of any patent term extension or exclusivity for the RE'826 Patent to which Bayer is or becomes entitled, and that any such monetary relief be awarded to Bayer with prejudgment interest;

–17–

      H.      The entry of judgment declaring that Aurobindo's acts render this case an exceptional case, and awarding Bayer its attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

      I.      An award of Bayer's costs and expenses in this action; and

      J.      Such other and further relief as the Court may deem just and proper.

–18–

| | |
|---|---|
| Dated: October 9, 2025 | MCCARTER & ENGLISH, LLP |
| Of Counsel: | /s/ *Daniel M. Silver* |
| | Daniel M. Silver (#4758) |
| Deborah Fishman | Alexandra M. Joyce (#6423) |
| ARNOLD & PORTER KAYE SCHOLER LLP | Renaissance Centre |
| 3000 El Camino Real, | 405 N. King Street, 8th Floor |
| Five Palo Alto Square, Suite 500 | Wilmington, Delaware 19801 |
| Palo Alto, CA 94306-3807 | (302) 984-6300 |
| (650) 319-4500 | dsilver@mccarter.com |
| deborah.fishman@arnoldporter.com | ajoyce@mccarter.com |
| | |
| Jeremy Cobb | *Attorneys for Plaintiffs* |
| ARNOLD & PORTER KAYE SCHOLER LLP | *Bayer HealthCare Pharmaceuticals Inc.,* |
| 601 Massachusetts Ave, | *Bayer Pharma AG, and Bayer AG* |
| NW Washington, DC 20001-3743 | |
| (202) 942-5000 | |
| jeremy.cobb@arnoldporter.com | |
| | |
| Abigal Struthers | |
| ARNOLD & PORTER KAYE SCHOLER LLP | |
| 250 West 55th Street | |
| New York, NY 100190-9710 | |
| (212) 836-8000 | |
| abigail.struthers@arnoldporter.com | |